**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| SECURE AXCESS, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>   Defendants. | CIVIL ACTION NO. 6:13-cv-717 |

**DEFENDANTS U.S. BANK NATIONAL ASSOCIATION'S AND U.S. BANCORP'S
AMENDED ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR
<u>PATENT INFRINGEMENT</u>**

Defendants U.S. Bank National Association and U.S. Bancorp (collectively "U.S. Bank") state for their Amended Answer to Plaintiff's Original Complaint for Patent Infringement ("Complaint") as follows:

**I.  NATURE OF THE SUIT**

1.  U.S. Bank admits that the Complaint alleges that this is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**II.  THE PARTIES**

2.  U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, accordingly, denies the allegations in this paragraph.

3.  U.S. Bank admits that defendant U.S. Bank National Association is a nationally chartered banking association and a banking subsidiary of defendant U.S. Bancorp and maintains

1

a principal place of business in Minneapolis, Minnesota. U.S. Bank denies each and every remaining allegation in paragraph 3 of the Complaint.

4. U.S. Bank admits that defendant U.S. Bancorp is a Delaware corporation and maintains its principal place of business in Minneapolis, Minnesota. U.S. Bank denies each and every remaining allegation in paragraph 4 of the Complaint.

### III. JURISDICTION AND VENUE

5. U.S. Bank admits that this action is brought under the patent laws of the United States, Title 35 of the United States Code and that this Court has subject matter jurisdiction. U.S. Bank denies each and every remaining allegation in paragraph 5 of the Complaint.

6. U.S. Bank denies each and every allegation in paragraph 6 of the Complaint.

7. U.S. Bank denies each and every allegation in paragraph 7 of the Complaint.

### IV. BACKGROUND

8. U.S. Bank admits that the Complaint alleges that this is an action for patent infringement of U.S. Patent No. 7,631,191 B2 ("'191 Patent") entitled "System and Method for Authenticating a Web Page" and that a copy of the '191 Patent was attached to the Complaint as Exhibit A. U.S. Bank further denies each and every remaining allegation in paragraph 8 of the Complaint.

9. U.S. Bank admits that the '191 patent appears, on its face, to have issued on December 8, 2009 with Elliott Glazer, Dirk White, David Armes, Fred Alan Bishop, and Michael Barrett as the named inventors. U.S. Bank admits that the '191 patent appears, on its face, to have issued from Application No. 11/423,340 and purports to be a continuation of application No. 09/656,074, which resulted in U.S. Patent No. 7,203,838 B1. U.S. Bank admits that the '191 patent appears, on its face, to be subject to a terminal disclaimer. U.S. Bank is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and, accordingly, denies the remaining allegations in this paragraph.

10. U.S. Bank admits that Secure Axcess appears to have filed a lawsuit in the E.D. Texas styled *Secure Axcess, LLC v. Bank of America Corp.*, et al., Case No. 6:10-cv-670-LED (E.D. Tex.) (the "*Bank of America* case") on December 16, 2010. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint and, accordingly, denies the allegations in this paragraph.

11. U.S. Bank admits that the E.D. Texas issued a Memorandum Opinion and Order in the *Bank of America* case dated July 9, 2012 and that a copy of that Order was attached to the Complaint as Exhibit B. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint and, accordingly, denies the allegations in this paragraph.

12. U.S. Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and, accordingly, denies the allegations in this paragraph.

13. U.S. Bancorp is a holding company and denies that it has done and continues to do business in the United States including Texas, and particularly within this judicial district. U.S. Bank admits that U.S. Bank National Association offers banking services to individuals and businesses in the United States, but denies that it does so in Texas and particularly within the E.D. Texas. U.S. Bank admits that U.S. Bank National Association is in the business of providing online banking services via electronic means including, but not limited to, the website www.usbank.com, which incorporates features referred to as an "ID Shield image and phrase." U.S. Bank further denies each and every remaining allegation in paragraph 13 of the Complaint.

### V.  CLAIMS

14. U.S. Bank admits that Plaintiff is asserting several causes of action against U.S. Bank. U.S. Bank denies each and every remaining allegation in paragraph 14 of the Complaint.

**A.  Direct Patent Infringement**

15. U.S. Bank's responses to paragraphs 1-14 above are incorporated by reference as if fully set forth herein.

16. U.S. Bank denies each and every allegation in paragraph 16 of the Complaint.

**B.  Inducement of Patent Infringement**

17. U.S. Bank's responses to paragraphs 1-16 above are incorporated by reference as if fully set forth herein.

18. U.S. Bank denies each and every allegation in paragraph 18 of the Complaint.

### VI.  VICARIOUS LIABILITY

19. U.S. Bank's responses to paragraphs 1-18 above are incorporated by reference as if fully set forth herein.

20. U.S. Bank denies each and every allegation in paragraph 20 of the Complaint.

### VII.  NOTICE

21. U.S. Bank's responses to paragraphs 1-20 above are incorporated by reference as if fully set forth herein.

22. U.S. Bank denies each and every allegation in paragraph 22 of the Complaint

### VIII.  DAMAGES

23. U.S. Bank's responses to paragraphs 1-22 above are incorporated by reference as if fully set forth herein.

24. U.S. Bank denies each and every allegation in paragraph 24 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

25. U.S. Bank does not directly infringe, contributorily infringe, or induce infringement of any valid and enforceable claims of the '191 patent, either literally or by the application of the doctrine of equivalents, or under any other theory of infringement.

### SECOND AFFIRMATIVE DEFENSE

26. One or more claims of the '191 patent are invalid and/or unenforceable on the grounds that the purported invention claimed therein fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, Sections 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE

27. To the extent that Secure Axcess, LLC seeks damages for any alleged infringement committed by U.S. Bank, such claim for damages for patent infringement is limited by 35 U.S.C. §287 to those damages occurring only after notice of infringement.

### FOURTH AFFIRMATIVE DEFENSE

28. Secure Axcess' claims are barred in whole or in part based on prosecution history estoppel and/or prosecution history disclaimer.

### FIFTH AFFIRMATIVE DEFENSE

29. To the extent that Secure Axcess asserts that U.S. Bank indirectly infringes, either by contributory infringement or inducement of infringement, U.S. Bank is not liable to Secure Axcess for the acts alleged to have been performed before U.S. Bank had knowledge that their actions would allegedly cause indirect infringement.

**PRAYER FOR RELIEF**

WHEREFORE, U.S. Bank prays for:

A. A judgment that each asserted claim of the '191 patent is invalid.

B. A judgment that U.S. Bank has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable claim of the '191 patent.

C. A judgment deeming this to be an exceptional case under 35 U.S.C. § 285 and awarding U.S. Bank their attorney fees, expenses and costs in this action.

D. Such other and further relief as the Court deems just and proper.


Dated: May 5, 2014                              Respectfully submitted,

                                                */s/ Anthony H. Son*
                                                Anthony H. Son
                                                WILEY REIN LLP
                                                1776 K Street, N.W.
                                                Washington, DC 20006
                                                Telephone: (202) 719-7000
                                                Fax: (202) 719-7049
                                                ason@wileyrein.com

                                                *Attorneys for Defendants U.S. Bank National*
                                                *Association and U.S. Bancorp*

13728651.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2014, all counsel of record who have consented to electronic service are being served with a copy of the foregoing via the Court's CM/ECF filing system per Local Rule CV-5(a)(3).

*/s/ Anthony H. Son*
Anthony H. Son

13728651.1