IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SECURE AXCESS, LLC<br><br>V.<br><br>U.S. BANK NATIONAL ASSOCIATION and U.S. BANCORP | § § CASE NO. 6:13-cv-717<br>§ PATENT CASE<br>§<br>§<br>§ |
| SECURE AXCESS, LLC<br><br>V.<br><br>ALLY BANK and ALLY FINANCIAL INC. | § § CASE NO. 6:13-cv-718<br>§ PATENT CASE<br>§<br>§ |
| SECURE AXCESS, LLC<br><br>V.<br><br>GE CAPITAL RETAIL BANK, et al. | § § CASE NO. 6:13-cv-720<br>§ PATENT CASE<br>§<br>§ |
| SECURE AXCESS, LLC<br><br>V.<br><br>NATIONWIDE BANK, et al. | § § CASE NO. 6:13-cv-721<br>§ PATENT CASE<br>§<br>§ |
| SECURE AXCESS, LLC<br><br>V.<br><br>PNC BANK, NATIONAL ASSOCIATION and THE PNC FINANCIAL SERVICES GROUP, INC. | § § CASE NO. 6:13-cv-722<br>§ PATENT CASE<br>§<br>§<br>§<br>§ |
| SECURE AXCESS, LLC<br><br>V.<br><br>SANTANDER BANK, N.A., f/k/a SOVEREIGN BANK, NATIONAL ASSOCIATION | § § CASE NO. 6:13-cv-723<br>§ PATENT CASE<br>§<br>§<br>§<br>§ |

| | |
|---|---|
| **SECURE AXCESS, LLC** <br><br> V. <br><br> **VANGUARD GROUP, INC. and VANGUARD MARKETING CORPORATION** | § <br> § **CASE NO. 6:13-cv-724** <br> § **PATENT CASE** <br> § <br> § <br> § <br> § |
| **SECURE AXCESS, LLC** <br><br> V. <br><br> **BANK OF THE WEST** | § <br> § **CASE NO. 6:13-cv-779** <br> § **PATENT CASE** <br> § <br> § |
| **SECURE AXCESS, LLC** <br><br> V. <br><br> **CADENCE BANK, NATIONAL ASSOCIATION** | § <br> § **CASE NO. 6:13-cv-780** <br> § **PATENT CASE** <br> § <br> § <br> § |
| **SECURE AXCESS, LLC** <br><br> V. <br><br> **CHARLES SCHWAB BANK and THE CHARLES SCHWAB CORPORATION** | § <br> § **CASE NO. 6:13-cv-781** <br> § **PATENT CASE** <br> § <br> § <br> § <br> § |
| **SECURE AXCESS, LLC** <br><br> V. <br><br> **COMMERCE BANK and COMMERCE BANCSHARES, INC.** | § <br> § **CASE NO. 6:13-cv-782** <br> § **PATENT CASE** <br> § <br> § <br> § |
| **SECURE AXCESS, LLC** <br><br> V. <br><br> **OCWEN FINANCIAL CORPORATION** | § <br> § **CASE NO. 6:13-cv-783** <br> § **PATENT CASE** <br> § <br> § |

| | | |
|---|---|---|
| **SECURE AXCESS, LLC** | § | |
| | § | **CASE NO. 6:13-cv-784** |
| V. | § | **PATENT CASE** |
| | § | |
| **ORANGE SAVINGS BANK, SSB, et al.** | § | |
| **SECURE AXCESS, LLC** | § | |
| | § | **CASE NO. 6:13-cv-785** |
| V. | § | **PATENT CASE** |
| | § | |
| **RAYMOND JAMES & ASSOCIATES, INC., and RAYMOND JAMES FINANCIAL, INC.** | § § § | |
| **SECURE AXCESS, LLC** | § | |
| | § | **CASE NO. 6:13-cv-786** |
| V. | § | **PATENT CASE** |
| | § | |
| **TEXAS CAPITAL BANK, N.A. and TEXAS CAPITAL BANCSHARES, INC.** | § § | |
| **SECURE AXCESS, LLC** | § | |
| | § | **CASE NO. 6:13-cv-787** |
| V. | § | **PATENT CASE** |
| | § | |
| **T. ROWE PRICE INVESTMENT SERVICES, INC, et al.** | § § | |
| **SECURE AXCESS, LLC** | § | |
| | § | **CASE NO. 6:13-cv-788** |
| V. | § | **PATENT CASE** |
| | § | |
| **TRUSTMARK NATIONAL BANK and TRUSTMARK CORPORATION** | § § | |

## CONSOLIDATION ORDER

The passage of the Leahy-Smith America Invents Act ("AIA"), which clarified the joinder requirements for cases alleging patent infringement, has resulted in a significant increase in the number of "serially" filed patent cases on the Court's docket. Similarly, pre-AIA filings have a nearly analogous result because multi-defendant cases may be severed "[u]nless there is an actual link between the facts underlying each claim of infringement." *In re EMC Corp.,* 677

F.3d 1351, 1360 (Fed. Cir. 2012). Such serially filed or severed cases, by their nature, involve common issues of law or fact, including claim construction and validity. "If actions before the Court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). In applying Rule 42, a court has considerable discretion. *In re EMC Corp.*, 677 F.3d at 1360; *see also Lurea v. M/V Albeta*, 625 F.3d 181, 194 (5th Cir. 2011) ("Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact.'"). Because the above-styled cases involve a common question of law or fact, consolidating these cases promotes efficient case management.

Accordingly, the Court **ORDERS** that the above-styled cases are consolidated for pretrial issues only, with the exception of venue. The earliest filed civil action (6:13-cv-717) shall serve as the lead case for consolidated issues. The Clerk of the Court shall add the consolidated defendants to the lead case, as well as Lead and Local Counsel only. Any other counsel who wishes to appear in the lead case shall file a notice of appearance in that case. The individual cases will remain active for venue motions and trial. Additionally, all pending motions will be considered as filed and without any prejudice due to consolidation. Should the parties file motions to transfer or motions to sever and transfer, the Court will consider these motions only as to the defendants in the originally filed (member) cases, not as to all defendants in the pretrial consolidated case. *See Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:12CV508, 2012 WL 3307942, at *4 (E.D. Tex. Aug. 10, 2012). All future motions, other than venue motions, shall be filed in the consolidated case.

The local rules' page limitations for *Markman* briefs and other motions will apply to the consolidated case. To further promote judicial economy and to conserve the parties' resources,

the Court encourages the parties to file a notice with the Court in the event that there are other related cases currently pending on the Court's docket, as well as any future cases Plaintiff intends to file, that may also be appropriate for consolidation with this case.

So ORDERED and SIGNED this 9th day of June, 2014.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE