IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SECURE AXCESS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. BANK NATIONAL ASSOCIATION, *et al.*,<br><br>    Defendants. | C.A. No. 6:13-cv-717-KNM<br>(LEAD CASE) |

**FIRST AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANTS T. ROWE PRICE INVESTMENT SERVICES, INC. AND T. ROWE PRICE ASSOCIATES, INC.**

  Defendants T. Rowe Price Investment Services, Inc. and T. Rowe Price Associates, Inc. (collectively, "T. Rowe Price") respectfully file this Amended Answer and Counterclaims to the original Complaint for Patent Infringement filed by Plaintiff Secure Axcess, LLC ("Secure Axcess"), and in support thereof, state as follows:

  1. Paragraph 1 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, such legal conclusions are denied.

  2. T. Rowe Price admits that Secure Axcess is registered as a limited liability company in Texas, but denies that Secure Axcess maintains its principal place of business in Plano, Texas as more fully set forth in T. Rowe Price's Motion to Transfer Venue.

  3. Defendant T. Rowe Price Investment Services, Inc. is a Maryland corporation and subsidiary of Defendant T. Rowe Price Associates, Inc. and maintains its principal place of business in Baltimore, Maryland as asserted in Paragraph 3 of the Complaint.  The remaining allegations in Paragraph 3 are denied.

4. Defendant T. Rowe Price Associates, Inc. is a Maryland corporation and a subsidiary of Defendant T. Rowe Price Group, Inc. and maintains its principal place of business in Baltimore, Maryland as asserted in Paragraph 4 of the Complaint. The remaining allegations in Paragraph 4 are denied.

5. Defendant T. Rowe Price Group, Inc. is a Maryland corporation that maintains its principal place of business in Baltimore, Maryland as asserted in Paragraph 5 of the Complaint. The remaining allegations in Paragraph 5 are denied.

6. Paragraph 6 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, such legal conclusions are denied.

7. Paragraph 7 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, such legal conclusions are denied.

8. Paragraph 8 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, such legal conclusions are denied.

9. T. Rowe Price admits that the Complaint asserts infringement of United States Patent No. 7,631,191 B2 entitled "System and Method for Authenticating a Web Page" (the "'191 patent"). T. Rowe Price denies that such patent is valid, enforceable or that it infringes the '191 patent or is otherwise liable to the Plaintiff in any way.

10. T. Rowe Price admits that the '191 patent appears, on its face, to have issued on December 8, 2009 with Elliott Glazer, Dirk White, David Armes, Fred Alan Bishop, and Michael Barrett as the named inventors. T. Rowe Price admits that the '191 patent appears, on its face, to have issued from Application No. 11/423,340 and purports to be a continuation of application No. 09/656,074, which resulted in U.S. Patent No. 7,203,838 B1. T. Rowe Price admits that the '191 patent appears, on its face, to be subject to a terminal disclaimer. T. Rowe

Price is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and, accordingly, denies the remaining allegations in this paragraph.

11. T. Rowe Price admits that the '191 patent was asserted by Secure Axcess in *Secure Axcess, LLC v. Bank of America Corp.*, *et al.*, Case No. 6:10-cv-670-LED (E.D. Tex.). The remaining allegations in Paragraph 11 are denied.

12. T. Rowe Price admits that Exhibit B of the Complaint purports to be a Memorandum Opinion and Order in the *Bank of America* case issued by this Court construing certain disputed claim terms of the '191 patent. T. Rowe Price denies that such Opinion and Order is correct or is binding on it and T. Rowe Price expressly reserves the right to seek construction of any term included in the claims of the '191 patent.

13. T. Rowe Price lacks sufficient knowledge and information concerning the allegations contained in Paragraph 13 of the Complaint, and therefore, such allegations are denied.

14. T. Rowe Price admits that it offers investment services to individuals and businesses in the United States. T. Rowe Price further admits that T. Rowe Price Investment Services, Inc. provides certain on-line investment services which incorporate features referred to as "iVerify image and phrase." T. Rowe Price denies the remaining allegations in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint does not assert any factual allegations and therefore no response is required. To the extent a response is required, the statements in Paragraph 15 of the Complaint are denied.

16. The responses to Paragraphs 1 through 15 above are incorporated by reference as if fully set forth herein.

17. T. Rowe Price denies the allegations of Paragraph 17 of the Complaint.

18. The responses to Paragraphs 1 through 17 above are incorporated by reference as if fully set forth herein.

19. T. Rowe Price denies the allegations contained in Paragraph 19 of the Complaint.

20. The responses to Paragraphs 1 through 19 above are incorporated by reference as if fully set forth herein.

21. T. Rowe Price denies the allegations contained in Paragraph 21 of the Complaint.

22. The responses to Paragraphs 1 through 21 above are incorporated by reference as if fully set forth herein.

23. T. Rowe Price denies the allegations contained in Paragraph 23 of the Complaint.

24. The responses to Paragraphs 1 through 23 above are incorporated by reference as if fully set forth herein.

25. T. Rowe Price denies the allegations contained in Paragraph 25 of the Complaint.

**PRAYER FOR RELIEF**

To the extent that Secure Axcess' prayer for relief contains any allegations or statements to which a response is required, T. Rowe Price denies the same, and further, denies that it is liable to Secure Axcess as set forth in the Complaint or otherwise. Accordingly, T. Rowe Price requests that the Court deny any and all relief to Secure Axcess including, but not limited to, any relief expressly requested by Secure Axcess in its Prayer for Relief.

**AFFIRMATIVE DEFENSES**

T. Rowe Price asserts the following affirmative defenses pursuant to Fed. R. Civ. P. 8(c). T. Rowe Price reserves the right amend its Answer to add additional affirmative defenses as discovery proceeds in this case.

<u>First Affirmative Defense</u>

T. Rowe Price does not infringe, and has not infringed, any valid claim of the '191 patent in any form, whether directly or indirectly (contributorily or by inducement), individually or jointly, literally or under the doctrine of equivalents. In particular, T. Rowe Price's accused instrumentality – iVerify – does not perform literally, or under the doctrine of equivalents, each and every limitation recited in Secure Axcess' asserted method claims 1-5, 16, and 32 of the '191 Patent. iVerify also does not incorporate literally, or under the doctrine of equivalents, each and every limitation recited in Secure Axcess' asserted system claims 29 and 30, or asserted media claim 31 of the '191 patent.

<u>Second Affirmative Defense</u>

The '191 patent is invalid and/or unenforceable for failing to satisfy the conditions for patentability specified under 35 U.S.C. § 100, *et seq.*, including, but not limited to, §§ 101, 102, 103, and 112.

<u>Third Affirmative Defense</u>

Secure Axcess' claims are barred in whole or in part by the doctrines prosecution history estoppel and/or prosecution history disclaimer.

<u>Fourth Affirmative Defense</u>

Secure Axcess' Complaint fails to state a claim upon which relief can be granted.

<u>Fifth Affirmative Defense</u>

To the extent that Secure Axcess, its predecessors-in-interest, and/or its licensees to the '191 patent failed to properly mark products as required pursuant to 35 U.S.C. § 287, or otherwise failed to give proper notice to T. Rowe Price that its actions allegedly infringe the '191 patent, T. Rowe Price is not liable to Secure Axcess for the acts alleged to have been performed before they received actual notice of alleged infringement of the '191 patent.

<u>Sixth Affirmative Defense</u>

Secure Axcess' claims are barred by the doctrines of laches and/or estoppel as Secure Axcess has unreasonably and inexcusably delayed filing the present suit to the material prejudice of T. Rowe Price.

<u>Seventh Affirmative Defense</u>

Secure Axcess is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

<u>Eighth Affirmative Defense</u>

T. Rowe Price expressly reserves the right to assert any other legal or equitable defenses as they become known through further investigation and/or discovery.

**COUNTERCLAIMS**

Counterclaim-Plaintiffs T. Rowe Price Investment Services, Inc. and T. Rowe Price Associates, Inc. (collectively, "T. Rowe Price") by and through their attorneys, assert the following counterclaims against Counterclaim-Defendant Secure Axcess, LLC ("Secure Axcess").

## PARTIES

1. T. Rowe Price Associates, Inc. is a Maryland corporation and maintains its principal place of business at 100 East Pratt Street, Baltimore, Maryland 21202.

2. T. Rowe Price Investment Services, Inc. is a Maryland corporation and maintains its principal place of business at 100 East Pratt Street, Baltimore, Maryland 21202.

3. Secure Axcess is a Texas limited liability company and purports to maintain its principal place of business at 55 Republic Drive, Suite 200, Plano, Texas 75074.

4. Secure Axcess claims to be the owner of United States Patent No. 7,631,191 (the "'191 patent").

## JURISDICTION AND VENUE

5. These counterclaims arise under the patents laws of the United States, 35 U.S.C. §§ 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

6. Secure Axcess has charged T. Rowe Price with infringement of the '191 patent. T. Rowe Price has denied the charges of infringement, and has alleged that the '191 patent is invalid. Accordingly, there is an actual and justiciable controversy between Secure Axcess and T. Rowe Price with respect to infringement and validity of the '191 patent.

7. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367(a), 2201 and 2202.

8. This Court has personal jurisdiction over Secure Axcess because it maintains office space in this judicial district.

9. Venue may lie in this judicial district pursuant to 28 U.S.C. § 1391(b) and 1400(b).

## COUNT I

<u>Declaratory Judgment of Noninfringement of the '191 Patent</u>

10. T. Rowe Price does not infringe, and has not infringed, any valid claim of the '191 patent under any provision of 35 U.S.C. § 271 in any form, whether directly or indirectly (contributorily or by inducement), individually or jointly, literally or under the doctrine of equivalents.

11. T. Rowe Price's accused instrumentality – iVerify – does not perform literally, or under the doctrine of equivalents, each and every limitation recited in Secure Axcess' asserted method claims 1-5, 16, and 32 of the '191 Patent. iVerify also does not incorporate literally, or under the doctrine of equivalents, each and every limitation recited in Secure Axcess' asserted system claims 29 and 30, or asserted media claim 31 of the '191 patent.

12. T. Rowe Price is entitled to declaratory judgment that it has not and does not infringe, directly or indirectly, individually or jointly, literally or under the doctrine of equivalents, any valid claim of the '191 patent.

## COUNT II

<u>Declaratory Judgment of Invalidity of the '191 Patent</u>

13. The '191 Patent is invalid for failing to satisfy one or more requirements for patentability under 35 U.S.C. § 100, *et seq.*, including, but not limited to, the requirements set forth under §§ 101, 102, 103, and 112.

14. T. Rowe Price is entitled to declaratory judgment that the '191 patent is invalid.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, T. Rowe Price hereby demands a jury trial of all issues so triable.

**REQUEST FOR RELIEF**

WHEREFORE, T. Rowe Price respectfully requests that the Court enter judgment in its favor granting the following relief:

(a)   Dismissing Secure Axcess' Complaint against T. Rowe Price in its entirety and with prejudice;

(b)   Denying any and all relief requested by Secure Axcess;

(c)   Entering judgment in favor of T. Rowe Price and against Secure Axcess on all counts in Secure Axcess' Complaint;

(d)   Entering judgment in favor of T. Rowe Price and against Secure Axcess on all counts in T. Rowe Price's counterclaims;

(e)   Declaring that T. Rowe Price does not and has not infringed, directly or indirectly, individually or jointly, literally or under the doctrine of equivalents, any claim of the '191 patent;

(f)   Declaring that each and every claim of the '191 patent is invalid;

(g)   Declaring that this is an exceptional case under 35 U.S.C. § 285;

(h)   Awarding T. Rowe Price the costs of this action and its reasonable attorneys' fees to the fullest extent permitted by law; and

(i)   Granting T. Rowe Price such other and further relief as this Court deems just and proper.

Dated: October 1, 2014 Respectfully submitted,

*/s/ Ali Hossein Khan Tehrani*_____
Terence P. Ross (*Pro Hac Vice*)
tross@crowell.com
Ali Hossein Khan Tehrani (*Pro Hac Vice*)
ahossein@crowell.com
CROWELL & MORING, LLP
1001 Pennsylvania Ave. N.W.
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Deron R. Dacus
Texas Bar No. 00790553
ddacus@dacusfirm.com
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 450
Tyler, TX 75701
Telephone: (903) 705-1117

*Attorneys for Defendants and Counterclaim-Plaintiffs T. Rowe Price Investment Services, Inc. and T. Rowe Price Associates, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 1st day of October, 2014, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

*/s/ Ali Hossein Khan Tehrani*
Ali Hossein Khan Tehrani