IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SECURE AXCESS, LLC, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:13-CV-717 |
| | § | |
| U.S. BANK NAT'L ASS'N, *et al*. | § | |

## ORDER

Before the Court are Defendants' Renewed Motion to Stay Case Based on PTAB Institution of Covered Business Method Review Proceeding on All Asserted Patent Claims ("Renewed Motion to Stay") and RSA Security LLC's Motion For Joinder With the Bank Defendants' Renewed Motion to Stay Case ("Motion to Join").  Docket Nos. 186 and 192. Having considered the Parties' written submissions and oral arguments—and as stated at the hearing—the Court **GRANTS** both motions.

## BACKGROUND

On September 17, 2013, Secure Axcess, LLC ("Secure Axcess") filed a Complaint against U.S. Bank National Association and U.S. Bancorp, alleging infringement of United States Patent Number 7,631,191 ("the '191 Patent").  Docket No. 1.  Secure Axcess filed similar complaints against other defendants (together, the "Defendants"), initiating sixteen separate but related actions.[1]  On June 4, 2014, the related actions were reassigned to the undersigned.  On

---

[1] Civil Actions:  *Secure Axcess, LLC v. Ally Bank et al.*, 6:13-cv-00718; *Secure Axcess, LLC v. GE Capital Retail Bank et al.,* 6:13-cv-00720; *Secure Axcess, LLC v. Nationwide Bank et al.,* 6:13-cv-00721; *Secure Axcess, LLC v. PNC Bank, National Association et al.,* 6:13-cv-00722; *Secure Axcess, LLC v. Sovereign Bank, National Association*, 6:13-cv-00723; *Secure Axcess, LLC v. Vanguard Group Inc. et al.,* 6:13-cv-00724; *Secure Axcess, LLC v. Bank Of The West et al.*, 6:13-cv-00779; *Secure Axcess, LLC v. Cadence Bank, National Association*, 6:13-cv-00780; *Secure Axcess, LLC v. Charles Schwab Bank et al.*, 6:13-cv-00781; *Secure Axcess, LLC v. Commerce Bank et al.*, 6:13-cv-00782; *Secure Axcess, LLC v. Ocwen Financial Corporation*, 6:13-cv-00783; *Secure Axcess, LLC v. Orange Savings Bank, SSB et al.*, 6:13-cv-00784; *Secure Axcess, LLC v. Raymond James & Associates, Inc. et al.*, 6:13-cv-00785; *Secure Axcess, LLC v. Texas Capital Bank, N.A. et al.*, 6:13-cv-00786; *Secure Axcess, LLC v. T.*

June 9, 2014, the Court ordered that these pending actions be consolidated into Civil No. 6:13-CV-717 (together, the "Actions") for pretrial issues only, with the exception of venue.  Docket No. 46.

Defendants seek to stay the Actions based on the Patent Trial and Appeal Board's ("PTAB") recent grant of Defendants' request for Covered Business Method ("CBM") review of the '191 Patent.  On March 28, 2014, Defendants PNC Bank and U.S. Bank filed a petition with the PTAB to institute CBM review of all '191 Patent claims ("CBM Petition").  On April 14, 2014, Defendants filed a Motion to Stay the Proceedings Pursuant to Section 18(b) of the America Invents Act.  The Court denied that motion without prejudice, allowing Defendants to "reurge their Motions if warranted by further developments at the PTAB."  Docket Nos. 24 and 57.  On September 9, 2014, the PTAB granted Defendants' CBM Petition on all asserted claims.  Docket No. 186-1 (CBM2014-00100).[2]  Defendants then filed their Renewed Motion to Stay, and RSA filed its Motion to Join.  The Court held a hearing on the Renewed Motion to Stay and the Motion to Join on September 29, 2014.  At the hearing, the Court granted both motions.

## APPLICABLE LAW

Section 18(a)(1) of the Leahy-Smith America Invents Act ("AIA") provides for the creation of "a transitional post-grant review proceeding for review of the validity of covered business method patents."  Section 18(b)(1) of the AIA sets forth the following four factors a district court must consider when deciding whether to grant a stay pending such a CBM review:

---

*Rowe Price Investment Services, Inc. et al.*, 6:13-cv-00787; and *Secure Axcess, LLC v. Trustmark National Bank et al.*, 6:13-cv-00788.

[2] On March 4, 2014, Third-Party Defendant RSA Security LLC ("RSA") filed a petition with PTAB for *inter partes* review of all 32 claims of the '191 Patent.  On June 4, 2014, Defendant Ally filed a Third-Party Complaint Against Fidelity Information Services, LLC and RSA.  Docket No. 51, 6:13-cv-00718.  On June 20, 2014, RSA filed its Answer and Affirmative Defenses to Ally's Third-Party Complaint, and Declaratory Judgment Claims Against Secure Axcess.  Docket No. 42.  On September 9, 2014, PTAB granted RSA's IPR petition, instituting an IPR as to all asserted claims of the '191 Patent.  Docket No. 186-2 at 2 (IPR2014-00475).

(A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;

(B) whether discovery is complete and whether a trial date has been set;

(C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and

(D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

In *VirtualAgility Inc. v. Salesforce.com, Inc.*, the Federal Circuit addressed the proper application of the § 18(b) factors. 759 F.3d 1307 (Fed. Cir. 2014). The Court jointly considered factors (A) and (D)—simplification of issues and reduced burden of litigation—holding that, although parties may put forward similar arguments for the simplification of issues factor and the burden of litigation factor, both "factor[s] are listed separately in the statute [and] [t]hus, even when both factors point in the same direction—in favor of or against the stay—they continue to be separate, individual factors which must be weighed in the stay determination." *Id.* at 1310, 1313.

The Federal Circuit further noted that "[u]nder the [AIA's] statutory scheme, district courts have no role in reviewing the PTAB's determinations regarding the patentability of claims that are subject to CBM proceedings." *Id.* at 1313. Thus, regardless of the PTAB's particular grounds for granting CBM review, it weighs heavily in favor of granting the stay if the PTAB grants CBM review on every asserted claim of the patents. *Id.* A "simplification argument would be stronger if all of the prior art or relevant invalidity issues were in the CBM review, as this would entirely eliminate the trial court's need to consider validity in the event that some claims survive CBM review." *Id.*

With regard to factor (B)—whether discovery is complete and whether a trial date has been set—the Court noted that "the case for a stay is stronger after post-grant review has been

3

instituted." *Id.* at 1316. Generally, the time of filing the motion is the relevant time to measure the stage of litigation. *Id.* at 1317. However, "the district court may consider evidence that develops after the date of the stay motion—for example, the fact that the PTAB granted the CBM petition . . ." *Id.* Thus, there is "no error in also taking into account the stage of litigation as of the date that CBM review was granted." *Id.* at 1317, n.6.

With regard to factor (C)—undue prejudice or tactical advantage—the Court observed that "competition between parties can weigh in favor of finding undue prejudice." *Id.* at 1318, 1326 (citation omitted). However, "whether the patentee will be unduly prejudiced by a stay in the district court proceedings during the CBM review, like the irreparable harm-type inquiry, focuses on the patentee's need for an expeditious resolution of its claim." *Id.* Regarding tactical advantage, the Court noted that in some circumstances splitting prior art can weigh against a stay. *Id.* at 1320.

## DISCUSSION

### A. Whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial

Defendants argue that because the PTAB found that every claim of the '191 Patent "is more likely than not . . . unpatentable," CBM review will resolve or at least greatly narrow the issues in the case. Docket No. 186 at 3. Secure Axcess agrees that "under the majority opinion in *VirtualAgility*, this Court should accept the PTAB's initial determination that it is more likely than not that it will find the asserted claims to be invalid. . . ." Docket No. 194 at 2.

Because the PTAB granted CBM review on every claim of the '191 Patent, the review could potentially "dispose of the entire litigation: the ultimate simplification of issues." *VirtualAgility*, 759 F.3d at 1314. Moreover, at the hearing on this motion, all Defendants stipulated to be bound by the applicable estoppel provisions of a CBM proceeding, thereby

4

preventing Defendants from re-raising certain issues. 35 U.S.C. § 18(a)(1)(D) ("petitioner . . . may not assert . . . that the claim is invalid on any ground . . . raised during that transitional proceeding"); *see also* Docket No. 199 at 5. Thus, this factor weighs in favor of granting the stay.

### B. Whether discovery is complete and whether a trial date has been set

The Parties disagree whether the stage of the litigation should be considered as of April 14, 2014—when Defendants filed their original Motion to Stay the Proceedings Pursuant to Section 18(b) of the America Invents Act—or on September 15, 2014, when Defendants filed their Renewed Motion to Stay. Defendants argue that since the Court allowed them to reurge their original motions to stay if the PTAB granted CBM review, their Renewed Motion to Stay should be evaluated as of the filing date of their original motions. Docket No. 186 at 3; Docket No. 199 at 1. Defendants note that when the original motions to stay were filed on April 14, 2014, the Docket Control Order had not yet been entered. Docket No. 186 at 3. Even as of the date the Renewed Motion to Stay was filed, Defendants point out that no depositions have been taken and no written discovery responses have been served. *Id.* at 4.

Secure Axcess argues that the filing date of the current motion is the proper time to consider the stay. Docket No. 194 at 3–4. Secure Axcess also argues that the reason no depositions have been taken and no written discovery responses have been served at this stage of the case is that Defendants have "delayed this case at every turn." *Id.* at 4–5. Secure Axcess contends that the fact that this case is a year old, is proceeding through discovery, has an upcoming claim construction hearing, and is scheduled for trial in December, 2015, all weigh against granting a stay. *Id.* at 3.

Defendants counter that discovery has not progressed because the Docket Control Order was entered just two months earlier—not because of their alleged "delay tactics." Docket No. 199 at 3. Defendants also respond that any alleged delay by them pales in comparison to Secure Axcess's decision to wait three years to file the infringement lawsuit. *Id.* at 2.

This case was filed on September 17, 2013. On June 4, 2014, the case was reassigned to the undersigned. On June 24, 2014, the Court set a *Markman* hearing for March 12, 2015, and a trial date of December 14, 2015. Docket No. 51. The PTAB instituted proceedings on Defendants PNC Bank and US Bank's petitions (CBM2014-00100) on September 9, 2014, and on September 15, 2014, Defendants filed their Motion to Stay. Even considering the stage of litigation at the latest possible date, September 15, 2014, the case has been pending for a year, the *Markman* hearing is six months away, the close of fact discovery is eight months away, and the trial date is still fifteen months away. This factor weighs in favor of granting a stay. *VirtualAgility*, 759 F.3d at 1316 (finding the litigation was "still at its infancy" with eight months left of fact discovery and a year before trial).

### C. Whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party

#### 1. Prejudice

The first element of the third factor is whether a stay, or denial thereof, would unduly prejudice the nonmoving party. Defendants argue that a stay would not unduly prejudice Secure Axcess because CBM must be completed within one year, and because Secure Axcess is not a competitor of any Defendants. Docket No. 186 at 4. Defendants also contend that the fact that the Plaintiff waited to bring suit until three years after the '191 Patent issued weighs in favor of granting a stay. *Id.*

Secure Axcess concedes that it is not in direct competition with Defendants, but argues that *VirtualAgility* did not address the present situation where a stay devalues a licensing business. Docket No. 194 at 8. Secure Axcess notes that the '191 Patent expires in 2020, and resolution of the CBM proceeding will take at least two years (including appeals); thus a stay would consume a substantial portion of the remaining life of the patent. *Id.* at 7. Because Defendants will continue infringing during the interim, Secure Axcess argues that a stay will lower the licensing value of the '191 Patent. *Id.* Secure Axcess argues this would unduly prejudice its "interest in the timely enforcement of its patent rights" and defeat the Court's "obligation 'to secure the just, speedy, and inexpensive determination of every action.'" *Id.* at 6 (citations omitted).

Defendants argue that Secure Axcess has not presented any concrete evidence that the licensing value of the '191 Patent will decrease due to a stay—for example, Secure Axcess has not identified any potential licensees other than Defendants. Docket No. 199 at 3. Defendants further contend that a stay will not decrease the licensing value of the '191 Patent because Secure Axcess can be made whole by money damages. *Id.* at 3–4. Even if licensing value were to decrease during the pendency of a stay, Defendants argue that such a decrease is just as likely attributable to the IPR and CBM proceedings. *Id.* at 3. Defendants disagree with Secure Axcess that a stay will necessarily delay the case for several years, and instead suggest that delay may only last a year until the PTAB's reviews are complete. *Id.*

Although not a direct competitor with Defendants, as a licensing business Secure Axcess may still suffer prejudice from a stay. A stay will consume a significant portion of the remaining life of the patents-in-suit. Extension of this suit may consume Secure Axcess's resources, denying it the opportunity that it otherwise might have had to enforce its patents. Moreover,

Secure Axcess's decision to wait several years after the '191 Patent issued to file complaints against the Defendants does not establish that Secure Axcess was dilatory. Rather, Secure Axcess made a tactical decision, possibly compelled by limited resources, to first assert the '191 Patent against larger bank defendants in a previous lawsuit.[3] Within three months of that case settling, Secure Axcess filed the present lawsuits.

### 2. Tactical Advantage

The second element of the third factor is whether a stay, or denial thereof, would present a clear tactical advantage for the moving party. Secure Axcess presents several arguments why a stay would provide Defendants with a tactical advantage. First, Secure Axcess argues that Defendants' alleged dilatory motive, evidenced by their many extension requests and delay in serving invalidity contentions, counsels against a stay. Docket No. 194 at 8. Second, Secure Axcess argues that, because Defendants' infringement contentions are not due prior to the hearing on the Motion to Stay, Defendants need not disclose their invalidity theories until after the PTAB proceedings. This allows Defendants to take conflicting positions in this proceeding and the PTAB proceedings, and then to retool invalidity theories based on the proceedings' results. *Id.* at 9. Third, Secure Axcess argues that because only Defendants U.S. Bank and PNC are parties to the CBM proceeding, the other Defendants are not estopped by the AIA from re-raising issues in this proceeding already decided by the PTAB. *Id.* at 9–10. Finally, Secure Axcess contends that Defendants are blocking Secure Axcess's counsel from participating in the PTAB proceedings due to the prosecution bar of the Protective Order, yet Defendants have the same counsel in both the PTAB proceedings and this action. *Id.* at 10.

---

[3] *See Secure Axcess, LLC v. Bank of America Corp., et al.* ("*Bank of America*"), Civil Action No. 6:10-CV-670-LED.

As evidence refuting dilatory motive, Defendants point to the filing of their petitions for IPR and CBM review just three months after Secure Axcess filed its Complaint. Docket No. 199 at 4. In response to Secure Axcess's allegations of splitting invalidity theories, Defendants note that most Defendants had no input in the selection of the prior art presented in the CBM and IPR petitions. *Id.* In any event, to mitigate such a tactical advantage, at the September 29, 2014 hearing, all Defendants (including third-party defendant RSA) stipulated to be bound by the applicable CBM review estoppel provision. *See also Id.* at 5; Docket No. 192 at 1. Also at the hearing, Defendants agreed to serve their invalidity contentions on Secure Axcess despite the issuance of a stay. In response to Secure Axcess's argument that Defendants have the advantage of the same counsel in both this proceeding and CBM and IPR proceedings, Defendants note that Vanguard Group Inc. and Vanguard Marketing Corporation's attorneys have not participated in preparing for, and are not participating in, the IPR proceeding. Docket No. 199 at 5.

Taken together, both elements of the third factor, undue prejudice and tactical advantage, weigh against granting a stay. However, in light of all Defendants' stipulation to be statutorily estopped by the outcome of the CBM Petition, and Defendants' agreement to submit invalidity contentions prior to issuance of a stay, this factor weighs only slightly against granting a stay.

### D. Whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the Court

Defendants note that, absent a stay, the Court could wind up construing claim terms that may no longer exist. Docket No. 199 at 5. Defendants further argue that not granting a stay would force them to spend several million dollars in attorneys' fees in the next 12 months, and require the Court to rule on motions. *Id.* at 2. Defendants argue that granting a stay, on the other hand, could potentially avoid any need for further litigation. Docket No. 186 at 4. Secure Axcess recommends that, rather than refreeze the case after each petition is filed, the Court

9

should continue advancing the case and then make adjustments after a decision is rendered based on the PTAB's proceedings. Docket No. 194 at 11.

The PTAB's grant of CBM review on every asserted claim of the '191 Patent "weighs heavily in favor of granting the stay." *VirtualAgility*, 759 F.3d at 1314. It is also worth noting that Congress made CBM review more difficult to obtain than IPR by raising the standard from a "reasonable likelihood that the petitioner would prevail," 35 U.S.C. § 314(a), to "more likely than not that [the challenged claims] are unpatentable." 35 U.S.C. § 324(a). Any asserted claim of the '191 Patent that the PTAB invalidates during CBM review could potentially reduce the burden on the Parties and this Court. *Id*. Thus, this factor weighs in favor of granting a stay.

## CONCLUSION

Having considered the factors of § 18(b)(1) of the AIA, the balance of the factors favors granting a stay. Three factors weigh in favor of granting a stay, while only one factor weighs slightly against a stay. The Court therefore **GRANTS** Defendants' Renewed Motion to Stay Case Based on PTAB Institution of Covered Business Method Review Proceeding on All Asserted Patent Claims. Docket No. 186. The Court **ORDERS** that the case is **STAYED**, pending a final written decision on CBM2014-00100. Within seven days of a final written decision on CBM2014-00100 the parties shall file a joint status report, and Secure Axcess shall file a motion proposing a case schedule if claims of the patents-in-suit survive.

As the Court stated at the hearing, RSA Security LLC's Motion For Joinder With the Bank Defendants' Renewed Motion to Stay Case is also **GRANTED**.[4] Docket No. 192. As also stated at the hearing, Defendants were to serve their invalidity contentions on Secure Axcess by October 13, 2014.

---

[4] RSA seeks a stay of "the entire civil action . . . pending completion of the CBM review." Docket No. 192 at 7. Since the entire civil action is stayed pending CBM review, so are the proceedings relating to third-party defendants RSA and Fidelity Information Services, LLC.

10

So ORDERED and SIGNED this 20th day of October, 2014.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE